IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-56-TAV-HBG |
| | ) | |
| JAMAL MYLEN McDONALD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on the Motion by the Defendant Jamal Mylen McDonald to Reopen Detention Hearing and Reconsider Order of Detention Pending Trial [Doc. 39], filed on April 22, 2019. The Defendant asks the court to release him pending the trial of this matter, because he has new evidence that will rebut the presumption of detention in this case. Specifically, Defendant McDonald wants the Court to consider (1) that his two sisters are willing to serve as his third-party custodians and (2) that his sister has arranged for him to work through a temporary agency.

On April 12, 2019, the undersigned conducted a detention hearing and ordered [Doc. 25] the Defendant to be detained pending trial. The Court found probable cause to believe that the Defendant had committed an offense for which a maximum term of ten years of

1

imprisonment or more was prescribed under the Controlled Substances Act. 18 U.S.C. § 3142(e)(3)(A). The Court also found that the Defendant failed to rebut the presumption that no condition or combination of conditions will reasonably assure the Defendant's appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3). Accordingly, the Court concluded that a serious risk existed that the Defendant would not appear and would endanger the safety of another person and the community.

Based upon the proffers of counsel and the Pretrial Services Report ("PSR"), which was made a sealed exhibit to the hearing, the Court found that detention was required based upon the 18 U.S.C. § 3242(g) factors:

> [The] nature and circumstances of the offense (drug trafficking); weight of the evidence of dangerousness (the government has established that the Defendant made controlled-buy sales of heroin/fentanyl, a very dangerous controlled substance); history and characteristics of the defendant (Defendant is from Michigan and has no ties to this District, he is unemployed, Defendant tested positive for use of controlled substances upon arrest); nature and seriousness of danger if released (Defendant is an experienced drug trafficker of very dangerous controlled substances). The court finds that there is a serious risk that the defendant will continue [his] drug traffick[ing] if released. Drug trafficking is inherently dangerous. *United States v. Hernandez*, 2002 WL 1377911 (E.D. Tenn. Edgar); *see also United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985).

[Doc. 25, p.1-2]. The Court noted that Defendant McDonald has little criminal history but found that this favorable factor did not overcome the other factors weighing in favor of detention. The Court found the Defendant had not rebutted the statutory presumption in favor of detention and that the information at the hearing established by clear and

convincing evidence that the Defendant poses a serious risk of danger to another person or the community.

The Court may reopen a detention hearing

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2). The reopening of a detention hearing is discretionary with the Court, and "[n]ew and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *United States v. Jerdine*, 2009 WL 4906564, *3 (N.D. Ohio 2009). A detention hearing "should not be reopened if the evidence proffered was available at the time of the hearing." *Id.* (citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991) (affirming denial of motion to reopen because witness affidavits could have been introduced at the detention hearing)). Material information is information "of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012).

In his motion, the Defendant states that although the PSR related that the Defendant could live with his sister Jasmin McDonald if released, the information that did not exist at the time of the detention hearing is that both of the Defendant's sisters Jasmin McDonald

3

and Cheniqua McDonald are willing to serve as the Defendant's third-party custodians. Defendant has attached the affidavits of his sisters, which confirm that they are willing to serve as third-party custodians, to his reply [Doc. 88]. Additionally, Defendant states that his sister Jasmin McDonald has secured a job, at which he can begin working upon his release. Jasmin McDonald's affidavit states that she has "arranged for Jamal McDonald to work through a temporary agency, Forge Staffing." [Doc. 88-1, p.1] The Defendant argues that although he has no living parents, he has strong family support. He also contends that he will submit to random drug screens and electronic monitoring. Thus, the Defendant maintains that sufficient conditions exist to permit his release, while assuring he will appear and the community will be safe.

The Government opposes [Doc. 79] the reopening of the detention hearing and the Defendant's release, arguing that the information now proffered is neither new, nor material. It asserts that the Defendant residing with his sister Jasmin McDonald was where the Defendant lived prior to his arrest and was a condition contemplated at the detention hearing. Additionally, the Government contends that seeking employment is a standard condition that the Court can impose and, thus, the prospect of a job, also is not information unknown at the time of the detention hearing. Finally, the Government argues that, as pointed out during the detention hearing, the Defendant was caught selling potentially lethal drugs on multiple days between January to April in this district, hundreds of miles from where he purportedly worked in Michigan. It maintains that neither the prospect of work in Michigan, nor the opportunity to reside with his sisters, is material to the danger he poses if released.

4

The Court agrees with the Government that Defendant McDonald has not stated a basis for reopening the detention hearing. The Court finds that the bulk of the information provided in the Defendant's motion is not new information that was unknown to the Defendant at the time of the April 12 detention hearing. Defendant previously proposed living with his sister Jasmin McDonald, and according to the PSR, this was one of the places that Defendant resided before his arrest and during the time that he was traveling to this district to sell drugs. Additionally, as observed by the Government, the condition that the Defendant seek employment is a standard condition that was considered at the detention hearing. In this regard, the Court notes that the Defendant states in his motion that, as an alternative to the job at the temporary agency secured by his sister, he could "return to his former place of employment where they made parts for the automobile industry" [Doc. 39, p.3]. The fact that the Defendant previously worked for an auto parts manufacturer was a fact known to him at the time of the detention hearing.

The information that the Defendant's sisters are willing to be his third-party custodians is information that was not discussed at the detention hearing, although it is a condition that could have been suggested at that time. However, the Court finds this condition does not have a material bearing on the Defendant's dangerousness to the community. The Defendant's ties to his sisters did not prevent him from engaging in drug trafficking in the past. Moreover, the Court notes that the affidavits provided by the Defendant reveal that Jasmin McDonald works full time and do not state whether Chenequa McDonald would be in regular contact with the Defendant, while he was living with their other sister. In other words, while the Court assumes the good character and intentions of

5

the Defendant's sisters, the Court does not find that the Defendant's sisters' service as third-party custodians could reasonably assure the safety of the community from the Defendant's continued drug trafficking.

Accordingly, the Court finds that the information provided by the Defendant in his motion to reconsider was either previously considered or does not have a material bearing upon the Court's finding that he is a danger to the community. The Defendant has not presented information that would warrant the reopening of his detention hearing. *See* 18 U.S.C. § 3142(f)(2). Moreover, even taking the information provided by the Defendant as true, the Court finds that it does not alter the Court's previous finding that the Defendant has failed to rebut the presumption that there are no conditions or combination of conditions that would assure his appearance as required and the safety of the community. Thus, the Motion by the Defendant Jamal Mylen McDonald to Reopen Detention Hearing and Reconsider Order of Detention Pending Trial [**Doc. 39**] is **DENIED**. Defendant McDonald shall remain detained pending his trial, as previously ordered [Doc. 25].

    **IT IS SO ORDERED.**

                                ENTER:

                                */s/ Bruce Guyton*
                                United States Magistrate Judge